# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

In Re:  Howard Paine                                                          Case No. 13-13073
       Jane D'Alelio                                                     Chapter 13

       Debtors

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Howard Paine
Jane D'Alelio

       Plaintiffs,

v.                                                                                              Adversary No. 13-01219

SLM Corporation dba Sallie Mae
(aka Sallie Mae PC Trust, Sallie Mae, Inc., and VL Funding)

and

Educational Credit Management Corporation,

and

Quantum3 Group LLC as agent for MOMA Funding LLC,

       Defendants.

## **COMPLAINT TO DETERMINE DISCHARGEABILITY (STUDENT LOAN) - AMENDED**

TO THE HONORABLE BRIAN F. KENNEY, U.S. BANKRUPTCY JUDGE:

Howard Paine and Jane D'Alelio, Debtors/Plaintiffs, by counsel, move this Court, pursuant to 11 U.S.C. § 523, to order that not discharging the debts owed to Creditors/Defendants in this case

Ann M. Callaway, Counsel for Debtors
Ann M. Callaway, P.C.
15 Garrett Street
Warrenton, VA 20186
(540) 349-4100
(540) 347-1086 fax
VSB 29014

would create an undue hardship on Howard Paine and his dependents; and in support thereof, they state as follows:

1. This case was commenced by the Debtors/Plaintiffs by filing a voluntary petition under Chapter 13 of the Bankruptcy Code on July 1, 2013.

2. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding.

3. As shown on Proof of Claim #4, Jane D'Alelio is alleged to owe Sallie Mae, Inc. ("Sallie Mae") about $7,833.48. According to the Proof of Claim, this debt was a "Signature Student Loan" incurred by Adam Paine and Jane D'Alelio as co-borrower. This debt was incurred in 2003.

4. As shown on Proof of Claim #5, Jane D'Alelio is alleged to owe Sallie Mae, Inc. ("Sallie Mae") about $16,109.74. According to the Proof of Claim, this debt was a "Signature Student Loan" incurred by Brent Paine and Jane D'Alelio as co-borrower. This debt was incurred in 2003.

5. As shown on Proof of Claim #6, Howard Paine is alleged to owe Sallie Mae PC Trust ("Sallie Mae") about $1,506.21. According to the Proof of Claim, this debt was a "Creative Education Loan" incurred by Adam Paine with Howard Paine as co-borrower. This debt was incurred in 2004.

6. As shown on Proof of Claim #7, Howard Paine and Jane D'Alelio are alleged to owe Educational Credit Management Corporation ("ECMC") about $46,422.96. According to the Proof of Claim, this debt was a loan consolidation and was incurred in 2004. It is not clear from the Proof of Claim which prior debts were absorbed into this consolidated loan.

7. As shown on Proof of Claim #8, Howard Paine is alleged to owe Quantum3 Group, LLC as agent for MOMA Funding LLC ("Quantum3") about $18,731.63. This debt was incurred in 2004. It is not clear from the Proof of Claim whether this was a separate loan; or whether it was a loan consolidation. Moreover, the Proof of Claim does not include any loan documents as attachments; only a statement of account.

8. Many years elapsed after the loans apparently came due during which time the debtors had no communication from the Sallie Mae or the other defendants.

9. Howard Paine is 84 years old and now suffers from advanced Alzheimer's disease. As a result of the disease, Howard Paine is no longer able to work in his prior profession, which

was designing stamps for the United States Postal Service. His wife, Jane D'Alelio is rapidly approaching the point at which she can no longer care for Howard at home. She will have no choice but to move him to a long-term, dementia-care facility.

10. Jane D'Alelio was appointed as guardian *ad litem* in this case for Howard Paine by order entered on July 29, 2013.

11. After receiving a bill from Sallie Mae out of the blue in 2011, Ms. D'Alelio contacted Sallie Mae in an attempt to work out some kind of payment arrangement.[1] To her surprise, Ms. D'Alelio received an offer from Sallie Mae for "loan forgiveness." This offer required that Ms. D'Alelio provide Sallie Mae with certain documentation to justify the forgiveness. This included the requirement of having Mr. Paine's doctor complete and return certain forms pertaining to Mr. Paine's medical condition to Sallie Mae. Ms. D'Alelio faxed the requested information in her possession to Sallie Mae multiple times. She requested Mr. Paine's doctor to complete and return the required form each time. Each time she faxed the documents, she would follow up by calling Sallie Mae. Each time the Sallie Mae representative to whom she spoke could not find the information. Each time Ms. D'Alelio was required to start over. Ms. D'Alelio sometimes received letters from Sallie Mae stating the application had been denied because the documents had not been received within 90 days. Finally, Ms. D'Alelio decided to file this case and to seek a hardship discharge through the bankruptcy court rather than to continue to fax documents to Sallie Mae that no one ever read, or perhaps ever found.[2]

12. 11 U.S.C. 523(A)(8) provides that a student loan may be discharged if excepting the debt from discharge would impose an undue hardship on a debtor and the debtor's dependents.[3]

---

[1] Until the Proofs of Claim in this case were filed, Ms. D'Alelio was unaware of the multiple corporations holding the various student loan debts. She believed all the debt was owed to "Sallie Mae."
[2] See copies of correspondence attached.
[3] 11 U.S.C. 532:
   a. A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
      8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –
         A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
         B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

13. As shown on their Schedules I and J, the debtors' sole source of income are their respective Social Security payments and Mr. Paine's pension. The debtors' disposable income is $1,971.57. Their plan payment is $1,858.74, which results in all of the debtors' general unsecured creditors receiving approximately 88.46% of the amounts owed. However, the plan does not include the debt alleged to be owed to the defendants in this case.

14. Inasmuch as their Chapter 13 Plan payment consumes virtually all of their disposable income, there is no money left for the defendants. If the debtors were to be required to include the defendants in the pool of general unsecured creditors to be paid, the plan would fail the feasibility test because the debtors do not have sufficient income to make the larger plan payment that would result. If the debtors were forced to convert their case to a Chapter 7, the trustee would inevitably sell their home due to the amount of non-exempt equity that currently exists in the property. Mr. Paine would probably not be aware of this outcome, but Ms. D'Alelio certainly would suffer from the loss of her home.

15. Thus, excepting from discharge the aggregate debt owed to the defendants would cause an undue hardship on Mr. Paine and on his dependents in this case.

WHEREFORE, the Debtors/Plaintiffs respectfully request that the Court enter an Order stating that not discharging the debt owed to the defendants herein would create an undue hardship on debtor and on his dependents; and for that reason, the debt represented by Proofs of Claim ##4, 5, 6, 7, 8 will be discharged upon successful completion of the debtors' chapter 13 plan.

Dated this 9th day of October, 2013.

                                                        Jane D'Alelio
                                                        By Counsel

/s/ Ann M. Callaway, Counsel for Debtors
Ann M. Callaway, P.C.
15 Garrett Street
Warrenton, VA 20186
(540) 349-4100
(540) 347-1086 fax
VSB 29014